**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| GREGORY D. BARREN, Sr., )<br>)<br>              Plaintiff,     )<br>)<br>vs.                                )<br>)<br>DAVID ROGERS, an individual; OFFICER T. )<br>ROBINSON, P# 7466, an individual; OFFICER R. )<br>KENT, P # 6179, and individual; and OFFICER )<br>D. SHANE, P # 6727, an individual, )<br>)<br>              Defendants. ) | Case No. 2:11 cv-00650-RLH-GWF<br><br>**FINDINGS AND RECOMMENDATIONS**<br><br>Motion to Proceed In Forma Pauperis (#1) |

This matter is before the Court on Plaintiff's Complaint and Application to Proceed In Forma Pauperis (Dkt. #1), filed April 26, 2011.

### BACKGROUND

Plaintiff Gregory Barren claims that Defendants arrested him for the "strangulation, kidnap[,] and coercion" of his girlfriend. (Dkt. #1). At approximately 9:00 a.m. on June 10, 2010, Plaintiff states that he and his girlfriend had an argument that included yelling and slamming a board to the floor. After the argument, Plaintiff's girlfriend went to her sister's house to calm down. When she returned approximately one hour later, Plaintiff asked her to gather her belongings and leave. Plaintiff alleges that she then became very "emotional," at which point Plaintiff got on the roof and began flying a kite.

While on the roof, Plaintiff states that Police Officers T. Robinson and R. Kent entered his backyard and ordered him to get down. When he got down from the roof, Officer D. Shane handcuffed Plaintiff. Plaintiff states that when he asked the officers why he was being arrested, the officers ignored him. The officers did, however, repeatedly ask Plaintiff if everything was "ok" or

if "something had happened between [Plaintiff] and [his girlfriend]." Plaintiff states that he consistently told the officers that other than a "common argument," nothing had happened.

Approximately one hour later, Officer T. Robinson informed Plaintiff that he was being taken to jail for a twelve-hour cool-down period. However, during booking, Plaintiff was informed of charges against him for strangling, kidnaping, and coercion of his girlfriend. Plaintiff states that he and his girlfriend immediately denied the validity of these allegations, yet Plaintiff was still detained for an unspecified period of time.

As a result of the incident discussed above, Plaintiff filed a Civil Rights Complaint pursuant to 42 U.S.C. § 1983, alleging a claim for a violation of his Fourth Amendment right to be free from unreasonable seizure.

## DISCUSSION

### I. In Forma Pauperis Application

Plaintiff filed this instant action and attached a financial affidavit to his application and complaint as required by 28 U.S.C. § 1915(a). Reviewing Plaintiff's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee and Plaintiff's request to proceed in forma pauperis will be granted.

### II. Screening of the Complaint

Upon granting a request to proceed in forma pauperis, a court must additionally screen the complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from an individual who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A complaint may be dismissed as frivolous where it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is

provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material facts stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations in a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-56 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*; *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

All or part of a complaint filed may therefore be dismissed sua sponte if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g. claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g. fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).
When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

      **A.**      **Plaintiff's § 1983 Claims for Due Process Violations**

In his complaint, Plaintiff names Clark County District Attorney David Roger based on allegations that he violated Plaintiff's due process rights when Mr. Roger participated in the various investigations into and prosecution of Plaintiff. Prosecutors are absolutely immune from civil suits

1  for damages under § 1983 that challenge activities related to the initiation and presentation of
2  criminal prosecutions. *Imbler v. Pachtman*, 424 U.S. 409 (1976).  Here, Plaintiff's allegations
3  relate to prosecutorial functions intimately associated with the judicial phase of the criminal
4  process.  As a result, Plaintiff's claims against Clark County District Attorney David Roger must be
5  dismissed with prejudice on grounds of prosecutorial immunity.  *Id.*; *see also Stevens v. Rifkin*, 608
6  F.Supp. 710, 728 (N.D. Cal. 1984); 28 U.S.C. § 1915A(b)(2).

### B.    Plaintiff's § 1983 Claims for Unlawful Seizure

Plaintiff claims that the his arrest constituted an unlawful seizure in violation of his Fourth Amendment rights.

The Fourth Amendment protects "[t]he right of people to be secure in their persons, houses, papers, and effects, against unreasonable search and seizure." U.S. Const. Amend. IV.  An arrest made without a warrant requires a showing of probable cause. *Gilker v. Baker*, 576 F.2d 245, 246 (9th Cir. 2001).  An arrest made without probable cause or other justification provides the basis for a claim of unlawful arrest under § 1983 as a violation of the Fourth Amendment. *Dubner v. City of San Francisco*, 266 F .3d 959 (9th Cir. 2001).  A warrantless arrest is reasonable where the officer has probable cause to believe a crime has been or is being committed. *Devenpeck v. Alford,* 543 U.S. 146, 152 (2004).  "If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001).

Whether a police officer has probable cause to arrest is ascertained by looking at the facts known to the officer at the time of the arrest. *Turner v. County of Washoe*, 759 F.Supp. 630, 634 (D.Nev. 1991).  Probable cause exists if the facts and circumstances within the person's knowledge and of which they have reasonably trustworthy information are sufficient to warrant a prudent man in believing that the person had committed a crime.  Id.  The existence of probable cause vitiates any claim of unlawful arrest. *Pierson v. Ray*, 386 U.S. 547 (1967); *Wyatt v. Cole*, 504 U.S. 158, 165 (1992); *Turner*, 759 F.Supp. at 633 (stating "It has long been established that a police officer who arrests with probable cause is immune from suit in a civil rights action").
Whether charges are later dismissed does not affect the determination of whether probable cause

existed to support the arrest. *Beauregard v. Wingard*, 362 F.2d 901, 903 (9th Cir. 1996).

The plaintiff bears the burden of proof on the issue of unlawful arrest, which can be satisfied by showing that the arrest was conducted without a valid warrant. *Dubner*, 266 F.3d at 965. If the arrest was warrantless, the burden then shifts to the defendant to provide some evidence that the arresting officers had probable cause for a warrantless arrest. *Id.* The plaintiff still bears the ultimate burden of proof, but the burden of production falls on the defendant. *Id.*

In this case, Barren alleges that the defendant police officers arrested him without a warrant or probable cause. Plaintiff states that he was on his roof, flying a kite, when the Defendants ordered him to come down off the roof, where they subsequently handcuffed and arrested Plaintiff for the "strangulation, kidnap[,] and coercion" of Plaintiff's girlfriend. Plaintiff also alleges that there is no evidence that would show the officers had probable cause for their warrantless arrest. Specifically, Plaintiff alleges that he was not breaking any laws when he was arrested--he maintains that after having an argument with his girlfriend approximately an hour before the Defendants arrived, he was flying a kite from his rooftop. Further, Plaintiff alleges that his actions, coupled with "unsubstantiated allegations," are not adequate cause for his arrest.

Thus, accepting as true all allegations of material fact stated in the complaint and having construed them in the light most favorable to the Plaintiff, Barren has stated a viable claim for an unlawful seizure based on Defendants' warrantless arrest of the Plaintiff on June 10, 2010.

### III. Conclusion

Pursuant to 42 U.S.C. § 1983, Plaintiff's claims against Defendants allege that a government official violated at least one of Plaintiff's federal constitutional rights. The screening of Plaintiff's Complaint (Dkt. #1) has been completed pursuant to § 1915(e). Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis (Dkt. #1) is **granted.**

**IT IS FURTHER ORDERED** that the movant herein is permitted to maintain this action to conclusion without necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting leave to proceed in forma pauperis shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that Plaintiff may pursue his 42 U.S.C. § 1983 claims against Officer T. Robinson, P # 7466; Officer R. Kent, P # 6179; and Officer D. Shane, P # 6727 alleging violations of his fourth amendment rights.  However, Plaintiff's claim against Clark County District Attorney David Roger is **dismissed with prejudice** on grounds of prosecutorial immunity.

**IT IS FURTHER ORDERED**  that the Clerk of the Court shall file the complaint, issue summons to the defendants named in the complaint, and deliver the summons to the U.S. Marshal for service.  Plaintiff shall have twenty (20) days to furnish the required USM-285 forms to the U.S. Marshal at 333 Las Vegas Blvd. South, Suite 2058, Las Vegas, Nevada 89101.  After Plaintiff receives copies of the completed USM-285 forms from the U.S. Marshal, he has twenty (20) days to file a notice with the court identifying whether Defendants were served.  If Plaintiff wishes to have the U.S. Marshall attempt service again on any unserved defendant, then a motion must be filed with the court identifying the unserved defendant, specifying a more detailed name and address and indicating whether some other manner of service should be used.  Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within one hundred twenty (120) days from the date that the complaint was filed.

**IT IS FURTHER ORDERED** that henceforth, Plaintiff shall serve upon Defendants, or their attorney if they have retained one, a copy of every pleading, motion, or other document submitted for consideration by the court.  Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to Defendants or their counsel. The Court may disregard any paper received by a district judge, magistrate judge, or the Clerk that fails to include a certificate of service.

DATED this 3rd day of August, 2011.

_____
GEORGE FOLEY, JR.
U.S. MAGISTRATE JUDGE