**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| GREGORY D. BARREN, SR., ) | Case No.: 2:11-cv-00650-RLH-CWH |
| ) | |
| Plaintiff, ) | **O R D E R** |
| ) | |
| vs. ) | (Motion to Dismiss–#11) |
| ) | |
| DAVID ROGER, District Attorney; OFFICER ) T. ROBINSON, P# 7466; OFFICER R. KENT, ) P# 6179; OFFICER D. SHANE, P# 6727, ) | |
| ) | |
| Defendants. ) | |
|  ) | |

Before the Court is Defendant Officers Terry Robinson, Raymon Kent, and Donald Shane's **Motion to Dismiss** (#11, filed Sept. 16, 2011) based on a failure to state a claim. The Court has also considered Plaintiff Gregory D. Barren, Sr.'s Opposition (#15, filed Sept. 27), and the Defendant Officers' Reply (#16, filed Oct. 7). Plaintiff also filed a surreply ((#17, filed Oct. 13).

**BACKGROUND**

As the facts of this case are not necessary to the disposition of this motion, the Court declines to give an extensive recitation of the allegations in this case. In essence, Barren claims that he and his girlfriend, Suzie Bush, got into a heated argument at his home. Bush called

and talked to an unnamed friend, who called the police and told them Barren had acted violently towards Bush. The Defendant Officers arrived on the scene and arrested Barren despite no visible signs of illegality, relying solely on Bush's friend's phone call. Barren now brings this action under § 1983 alleging violations under the 4th and 14th Amendments to the United States Constitution. Now before the Court is the Defendant Officers' motion to dismiss. For the reasons discussed below, the Court grants the motion.

## DISCUSSION

**I.    Legal Standard**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (internal citation omitted).

In *Iqbal*, the Supreme Court recently clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. at 1949. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 1949. Where

the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.

The Court also notes the well-established rule that *pro se* complaints are subject to "less stringent standards than formal pleadings drafted by lawyers" and should be "liberally construed." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007). This is particularly true in civil rights cases. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (holding that courts must afford *pro se* plaintiffs "the benefit of any doubt").

**II.    Analysis**

Section 1983 provides a mechanism for the private enforcement of substantive rights conferred by the Constitution and federal statutes. *Graham v. Connor*, 490 U.S. 386, 393–94 (1989). Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). To state a claim under § 1983, a plaintiff "must allege the violation of a right secured by the Constitution and the laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of law." *West v. Atkins*, 487 U.S. 42, 48–49 (1988).

In this case Barren sues the Defendant Officers and District Attorney David Roger in their official capacities. Suing a government employee in his official capacity is the functional equivalent of suing the governmental entity itself and not the actual individual named. *See Brandon v. Holt*, 469 U.S. 464, 469-70 (1984); *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991). To properly sue a government entity under § 1983, a plaintiff must allege that the constitutional deprivation of which he complains "was inflicted pursuant to an official policy or custom." *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir 2001) (citing *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). Here, however, Barren's complaint

1  is devoid of any allegations of policies or customs.  Without even the bare allegation of an
2  improper policy or practice at the Las Vegas Metropolitan Police Department (the Defendant
3  Officer's employer), Barren's first and second claims against the Defendant Officers in their
4  official capacity fail.  Thus, the Court dismisses Barren's first and second claims without
5  prejudice.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendants Robinson, Kent, and Shane's Motion to Dismiss (#11) is GRANTED without prejudice.

Dated: January 19, 2012.

_____
**ROGER L. HUNT**
**United States District Judge**