# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GREGORY D. BARREN, SR., | Case No.: 2:11-cv-00650-RLH-CWH |
| Plaintiff, | **O R D E R** |
| vs. | (Motion for Reinstatement–#21) |
| DAVID ROGER, District Attorney; OFFICER T. ROBINSON, P# 7466; OFFICER R. KENT, P# 6179; OFFICER D. SHANE, P# 6727, | |
| Defendants. | |

      Before the Court is Plaintiff Gregory D. Barren, Sr.'s **Motion for Reinstatement Pursuant to EDCR 2.90** (#21, filed Feb. 13, 2012). The Court has also considered Defendants Opposition (#22, filed Feb. 22), and Barren's Reply (#23, filed Feb. 28).

      On January 19, 2012, this Court dismissed Barren's complaint because he had only pled his claims against the Defendants in their official capacities, making his claims actually against the governmental entities the Defendants represented. To properly sue a government entity under 28 U.S.C. § 1983, a plaintiff must allege that the constitutional deprivation of which he complains "was inflicted pursuant to an official policy or custom." *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir 2001) (citing *Monell v. Dep't. of Soc. Servs.*, 436 U.S.

1

658, 690-91 (1978). Barren's complaint did not include any allegations regarding official policies, customs, or anything related. (*See* Dkt. #19, Order; Dkt. #3, Compl.) Thus, the Court dismissed Barren's complaint for failure to state a claim. Barren now seeks to have his case "reinstated." The Court takes this to mean that Barren seeks reconsideration, or, in this case, relief from a judgment or order under Federal Rule of Civil Procedure 60(b).

To obtain relief from an order under Rule 60(b) a party must show: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment. Barren did not address any of these elements in his motion, but rather issues irrelevant to this analysis. Further, the issues Barren addresses in his Reply are not sufficient for the Court to grant relief from its order and judgment. Thus, the Court denies Barren's motion. As such, Barren's request in his reply that the Court appoint an attorney for him is denied as moot.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Barren's Motion for Reinstatement (#21) is DENIED.

Dated: April 4, 2012.

_____
**ROGER L. HUNT**
**United States District Judge**