# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GREGORY D. BARREN, SR.,            )
                                   )
        Plaintiff,                )  Case No.  2:11-cv-00650-RLH-CWH
                                   )
vs.                                )  **ORDER**
                                   )
OFFICER T. ROBINSON, et al.,       )
                                   )
        Defendants.               )
_____)

        This matter is before the Court on Plaintiff's Motion for Status Check (#49), filed January 28, 2014.  Plaintiff is proceeding *pro se* and has been authorized to proceed *in forma pauperis*.

        In this motion, Plaintiff requests that the Court inform him how to proceed in litigating his case.  "Courts have a duty to construe *pro se* pleadings liberally, including *pro se* motions as wells as complaints."  *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003) (citations omitted).  That duty does not, however, extend to providing legal advice or directing the litigation of a *pro se* litigant's case.  *See Pliler v. Ford*, 524 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *see also Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007) ("A district court lacks the power to act as a party's lawyer, even for *pro se* litigants.").  In *Bias*, the Ninth Circuit succinctly stated:

> The hazards which beset a layman when he seeks to represent himself are obvious.  He who proceeds *pro se* with full knowledge and understanding of the risks does so with no greater rights than a litigant represented by a lawyer, and the trial court is under no obligation to become an "advocate" for or to assist and guide the *pro se* laymen through the trial thicket.

508 F.3d at 1219 (citations omitted).  At most, when a *pro se* litigant requests legal counsel or advice from the Court, the litigant may be directed to the applicable local or federal rule.  *Gordon v. Barnett*, 2007 WL 4358314 *3 (W.D. Wash.).

        The Court is not obligated or inclined to direct litigation for a party proceeding *pro se*.

1  Thus, Plaintiff's request that the Court inform him how to proceed with his case is denied. The
2  Court notes that a stipulated scheduling order has not been filed in this matter. Local Rule 26-1(d)
3  provides that a plaintiff "shall initiate the scheduling of a Fed. R. Civ. P. 26(f) meeting within thirty
4  (30) days after the first defendant answers or otherwise appears." The rule further provides that the
5  parties submit a stipulated discovery plan and scheduling order within fourteen (14) days after the
6  Rule 26(f) conference. *See* LR 26-1(d). Defendants' answer was filed in this matter on November
7  20, 2013, meaning Plaintiff was obligated to initiate a Rule 26(f) conference by December 20,
8  2013. Based on the Court's calculation, the stipulated discovery plan and scheduling order was
9  then due on January 3, 2014. It has not been filed and there is no indication that the Rule 26(f)
10 conference was held. Consequently, the Court will order that Plaintiff initiate a Fed. R. Civ. P.
11 26(f) meeting by **Wednesday, February 12, 2014**. The parties shall submit a stipulated discovery
12 plan and scheduling order by **Wednesday, February 19, 2014**.
13       Based on the foregoing and good cause appearing therefore,
14       **IT IS HEREBY ORDERED** that Plaintiff's Motion for Status Check (#49) is **denied**.
15       **IT IS FURTHER ORDERED** that Plaintiff initiate a Fed. R. Civ. P. 26(f) meeting by
16 **Wednesday, February 12, 2014**. The parties shall submit a stipulated discovery plan and
17 scheduling order by **Wednesday, February 19, 2014**.
18       DATED: January 29, 2014.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**