UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GREGORY D. BARREN, SR., ) | Case No.: 2:-11-cv-650-RLH-CWH |
| Plaintiff, ) | **O R D E R** |
| vs. ) | (Motion to Change Venue – #54) |
| DAVID ROGER, OFFICER T. ROBINSON; OFFICER R. KENT; OFFICER D. SHANE, ) | |
| Defendants. ) | |

Before the Court is Plaintiff Gregory D. Barren, Sr.'s **Motion for Change of Venue** (#54, Feb. 11, 2014 ). The Court has also considered Defendants Terry Robinson, Raymon Kent, and Donald Shane's (collectively "Officers") Opposition (#55, Feb. 28, 2014 ). Plaintiff did not file a Reply. For the reasons discussed below, the Court denies Plaintiff's motion.

### BACKGROUND

This case is a civil rights action based on an unreasonable search and seizure and a deprivation of due process. Plaintiff filed his complaint on August 3, 2011. Upon Officers' motion, the Court dismissed the complaint without prejudice for failure to state a claim. Plaintiff

1

sought to have the case "reinstated," which this Court construed as a motion for reconsideration. The Court denied Plaintiff's reconsideration motion and Plaintiff appealed that denial.

  The Ninth Circuit found that this Court properly dismissed Plaintiff's Complaint because Plaintiff named the Officers only in their official capacities while failing to allege a municipal policy or custom. However, reasoning that "it would not be apparent to a pro se litigant that dismissal without prejudice would allow amendment," the Ninth Circuit remanded to this Court to consider Plaintiff's "request for reinstatement as a request for leave to amend." On remand, applying the amendment standard, the Court readily allowed Plaintiff to file an amended complaint, which he has done. Now, Plaintiff seeks to "change venue" because Plaintiff believes "this Court had error in its adjudication because of its lack of attention to pertinent issues that if taken into fair consideration . . . the case could have had a different outcome." (#54 at 2). Construing this request broadly, the Court considers both whether a change in venue and whether recusal of the District Judge are warranted in the interests of justice.

**DISCUSSION**

  As to venue, a district court "may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented," "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a).

  Here, Plaintiff has not shown that there is anything inconvenient about this forum. Plaintiff and Officers are all residents of Nevada. Therefore, the District of Nevada is the only venue where this case may have been brought. Additionally, Officers have not consented to transfer. The most convenient forum for the parties and witnesses is the District of Nevada. For those reasons, the request to change venue is denied.

  As to disqualification, a judge must "disqualify himself in any proceeding in which his impartiality might reasonably be questioned," and in cases "[w]here he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455. To demand disqualification, the movant must

establish that the judge manifests opinions that "display a deep-seated favoritism or antagonism that would make fair judgment impossible." *See Liteky v. United States*, 510 U.S. 540, 555 (1994).

      Plaintiff's request is based on this Court's prior dismissal of the Complaint and denial of "reinstatement." However, Plaintiff has not shown that there is any favoritism or antagonism that would make fair judgment impossible. The Court notes the Ninth Circuit found that this Court *properly* dismissed Plaintiff's Complaint. Therefore, there was no error in adjudication. The sole basis for remand was for the Court to construe Plaintiff's request under a different legal standard. The Court has done so and ruled in Plaintiff's favor on that basis allowing him to file an amended complaint. Plaintiff has not identified this Court's personal bias or prejudice against him. Neither has Plaintiff established that this Court manifests opinions that display a favoritism in favor of Officers or antagonism against Plaintiff that would make fair judgment impossible." Therefore, as Plaintiff has failed to meet his burden to show disqualification is warranted, the motion is denied.

**CONCLUSION**

      Accordingly, and for good cause appearing,

      IT IS HEREBY ORDERED that Plaintiff's Motion for Change of Venue (#54, Feb. 11, 2014 ) is DENIED.

      Dated: March 18, 2014.

_____
**ROGER L. HUNT**
**United States District Judge**