# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GREGORY D. BARREN, SR.,

        Plaintiff,

vs.

OFFICER T. ROBINSON, et al.,

        Defendants.

Case No. 2:11-cv-00650-RLH-CWH

**ORDER**

This matter is before the Court on Plaintiff's Motion for Reconsideration (#77), filed April 23, 2014.[1] By way of the motion, Plaintiff asks that the undersigned reconsider Order (#72), which granted a motion for an extension of the discovery deadline and dispositive motions deadline. The basis of the request for reconsideration is that the Court did not take into account Plaintiff's objection to the extension, which was filed after the Order was issued.

## DISCUSSION

Plaintiff's motion is bereft of any authority in support of his request. Normally, such failure would result in denial of the motion. *See* Local Rule 7-2(d) ("The failure of a moving party to file points and authorities in support of the motion shall constitute a consent to the denial of the motion."). The Court, however, will consider Plaintiff's motion despite this failure. While the Federal Rules of Civil Procedure do not explicitly recognize a petition for rehearing or motion to reconsider, the Court has the inherent power to revise, correct, and alter interlocutory orders at any time prior to entry of a final judgment. *See Sch. Dist. No. 5 v. Lundgren*, 259 F.2d 101, 105 (9th

---

[1] The motion was docketed as an appeal, but is actually a motion for reconsideration.

Cir. 1958); *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006).  This authority is governed by the doctrine that a court will generally not reexamine an issue previously decided by the same or higher court in the same case.  *Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 766 (9th Cir. 2001); *United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998).  A court has discretion to depart from the prior order when (1) the first decision was clearly erroneous, (2) there has been an intervening change of law, (3) the evidence on remand is substantially different, (4) other changed circumstances exist, or (5) a manifest injustice would otherwise result.  *Cuddy*, 147 F.3d at 1114.  A motion for reconsideration is properly denied when the movant fails to establish any reason justifying relief. *Backlund v. Barnhart,* 778 F.2d 1386, 1388 (9th Cir.1985).  A motion for reconsideration should not merely present arguments previously raised; that is, a motion for reconsideration is not a vehicle permitting the unsuccessful party to reiterate arguments previously presented. *See Merozoite v. Thorp,* 52 F.3d 252, 255 (9th Cir.1995); *Khan v. Fasano,* 194 F.Supp.2d 1134, 1136 (S.D.Cal.2001) ("A party cannot have relief under this rule merely because he or she is unhappy with the judgment.").  In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce a court to revisit a prior decision.

 Plaintiff asks that the Court reconsider its Order (#72) and take into account his arguments raised in response to Defendants' underlying motion for an extension.  The Court entered the Order (#72) extending the discovery deadline and dispositive motions deadline because Defendants' underlying motion (#71) clearly demonstrated good cause for the relief.  The underlying motion was filed pursuant to Local Rule 26-4, which provides that applications to extend any date set by the discovery plan and scheduling order must, in addition to satisfying the requirements of LR 6-1, be supported by a showing of good cause for the extension.  The good cause standard under LR 26-4 is the same as that for modification of the scheduling order under Federal Rule of Civil Procedure 16(b).  As stated in *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992), the good cause standard primarily considers the diligence of the party or parties seeking the extension.

 Further, the underlying motion was filed more than twenty-one days prior to expiration of the deadlines sought to be extended, which is timely under both the Local and Federal Rules.  *See*

LR 26-4 ("Applications to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR 6-1, be supported by a showing of good cause for the extension. All motions ... to extend a deadline set forth in a discovery plan shall be recieved by the Court no later than twenty-one (21) days before the expiration of the subject deadline."); *see also* Fed. R. Civ. P. 6(b)(1)(A) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A)." Good cause is equated with the exercise of due diligence. *Guillen v. Owens*, 2011 WL 6032861 (D.Ariz.) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

Even taking into consideration Plaintiff's response to the underlying motion, the result does not change. Defendants demonstrated good cause for the extension. The underlying motion clearly articulated diligence in seeking discovery and the discovery that remains. The motion clearly articulated the discovery completed and the discovery remaining. The extension was appropriately targeted and limited to the amount of time necessary to complete discovery. Plaintiff's response is nothing more than a general objection to the extension, which conveniently ignores several of the reasons offered in support of the extension. The Court gives little weight to Plaintiff's generic claim of "disadvantage" offered in response to the requested extension. Plaintiff has failed to articulate how he will be disadvantaged by the extension and is not disadvantaged by having to participate in discovery. Consequently, Plaintiff has failed to meet his burden to show that the prior Order (#72) should be reconsidered.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration (#77) is **denied**.

DATED: April 24, 2014.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**