# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

GREGORY D. BARREN, SR.,                    )
                                           )
                    Plaintiff,             )          Case No.  2:11-cv-00650-RLH-CWH
                                           )
vs.                                        )          **ORDER**
                                           )
OFFICER T. ROBINSON, et al.,               )
                                           )
                    Defendants.            )
_____)

This matter is before the Court on Plaintiff's Motion to Compel (#61), filed March 25, 2014, and Defendants' Response (#64), filed April 1, 2014.  Plaintiff did not file a reply.

Plaintiff requests an order compelling responses to his discovery requests propounded under Fed. R. Civ. P. 33 and 34.  He also seeks an order compelling responses to his requests for admission propounded under Fed. R. Civ. P. 36.  He claims that Defendants have objected to all of the propounded discovery and "refus[ed] to respond to [his] written discovery."  *See* Pl's Mot. (#61) 3:6-9.  He has attached copies of the Rule 33, 34, and 36 requests.  He has also attached a letter sent to Defendants' counsel on March 18, 2014 wherein he demanded additional responses and "suggested" the parties have a telephonic conference to attempt to work out the dispute and invited Defendants' counsel to contact him.  In response, Defendants assert that the motion should be denied because (1) Plaintiff failed to adequate confer prior to filing the motion, and (2) Plaintiff fails to identify which responses he believes are insufficient.  Defendants also assert that the objections raised in response to the discovery were proper.

## DISCUSSION

Plaintiff is proceeding *pro se*.  As the Court has previously noted, Plaintiff's status as a *pro se* litigant does not absolve him of the responsibility to comply with applicable rules.  *Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007) ("The hazards which beset a layman when he seeks

to represent himself are obvious. He who proceeds *pro se* with full knowledge and understanding of the risks does so with no greater rights than a litigant represented by a lawyer, and the trial court is under no obligation to become an "advocate" for or to assist and guide the *pro se* laymen through the trial thicket."). A *pro se* litigant is under the same obligation as any other litigant to comply with both the Local and Federal Rules. *See King v. Atiyeh*, 814 F.2d 565 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); *see also Carter v. C.I.R.*, 784 F.2d 1006, 1009 (9th Cir. 1986) (holding that although a party is pro se, he is "expected to abide by the rules of the court in which" he litigates).

**1. Plaintiff's Requests Pursuant to Federal Rule 33 and 34**

Though mindful of the charge to construe *pro se* pleadings broadly, the undersigned will not permit Plaintiff to disregard the consultation requirements of Fed. R. Civ. P. 37 or Local Rule 26-7. A party seeking to compel responses to discovery requests "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *See* Fed. R. Civ. P. 37(a)(1). Local Rule 26-7(b) further provides that "[d]iscovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have been unable to resolve the matter without Court action."

Both the meet and confer requirement of Rule 37 and the personal consultation requirement of LR 26-7(b) serve important purposes. Compliance is required "to lessen the burden on the court and reduce the unnecessary expenditure of resources by litigants, through the promotion of informal, extrajudicial resolution of discovery disputes." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D. Nev. 1993). The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." *Id*. In order to serve its purpose, parties must "treat the informal negotiation process as a substitute for, and not simply a formal prerequisite to, judicial review of discovery disputes." *Id*. To do so,

> [t]he parties must present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions. Only after the cards have been laid

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

> on the table, and a party has meaningfully assessed the relative strengths and weaknesses of its position in light of all available information, can there be a "sincere effort" to resolve the matter.

*Id*.

In *Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166 (D. Nev. 1996), the Court identified two prongs to Rule 37's meet and confer requirement. First, the moving party must provide a certification from counsel which "accurately and specifically conveys to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute" – the certification requirement. *Shuffle Master*, 170 F.R.D. at 170. Second, the moving party must actually confer or attempt to confer in good faith – the performance requirement. *Id*. The moving party must move beyond cursory statements and "must adequately set forth in the motion essential facts sufficient to enable the court to pass a preliminary judgment on the adequacy and sincerity of the good faith conferment between the parties." *Id*. at 171. A good faith attempt requires more than the "the perfunctory parroting of statutory language," it requires a "genuine attempt to resolve the discovery dispute through non judicial means." *Id*. Doing so accomplishes the underlying policy of Rule 37(a)(1) and LR 26-7(b).

Absent compelling circumstances not present here, the mere exchange of letters has long been seen as insufficient to satisfy the "personal consultation" requirement. *See e.g.*, *Hunter v. Moran*, 128 F.R.D. 115 (D. Nev. 1989). *Shuffle Master* made clear that the mere exchange of letters is also insufficient to demonstrate a good faith effort to meet and confer under Rule 37. *Shuffle Master*, 170 F.R.D. at 172. Simply put, the exchange of letters is an "inadequate means" through which parties may attempt to confer. To be sure, the exchange of letters may serve to narrow or inform the issues prior to personal consultation, but both Rule 37(a)(1) and LR 26-7(b) require more. Here, the record shows that Plaintiff's consultation effort consisted solely of the sending of a letter to Defendants' counsel, which is insufficient to satisfy the consultation requirement. Even if the Court were inclined to consider the letter, it does not contain sufficient detail to allow the Court to make a preliminary assessment of the sincerity of the consultation. The letter is nothing more than an attempt to shift the burden of consultation onto the non-moving party by purporting to require Defendants' counsel to initiate a telephonic conference. Plaintiff may not

3

abdicate his obligation in that manner.

### 2. Plaintiff's Rule 36 Requests for Admission

Plaintiff has failed to identify any portion of the Defendants' responses to his Rule 36 requests which fall short of the requirements for response. *See* Fed. R. Civ. P. 36(a)(6) ("The requesting party may move to determine the sufficiency of an answer or objection."). It appears the premise of Plaintiff's motion is that Defendants should not be permitted to object to the Rule 36 requests, which is directly contrary to the plain language of the rule. *See* Fed. R. Civ. P. 36(a)(5) ("The grounds for objecting to a request must be stated. A party must not object solely on the ground that the request presents a genuine issue for trial."). A review of Defendants' responses shows that each Rule 36 requests was answered, even though some were subject to objection. Plaintiff provides no argument or basis upon which the Court can find the responses inadequate. Thus, the motion to compel further responses to the Rule 36 requests will be denied.

### 3. Attorney Fees

Plaintiff's motion to compel further responses to his Rule 33 and Rule 34 requests was made pursuant to Fed. R. Civ. P. 37(a). The rule provides that "[i]f the motion is denied, the court . . . must, after giving an opportunity to be heard, require the movant . . . to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B). An award of expenses and fees is not appropriate "if the motion was substantially justified or other circumstances make an award of expenses unjust." *Id*. The Court will consider an award of fees under the circumstances. The failure to comply with consultation requirements prior to filing a motion to compel is not substantially justified. Moreover, Plaintiff grossly misstated the nature of Defendants' responses. Far from refusing to provide responses, Defendants responded to virtually every discovery request subject to specifically articulated objections. Plaintiff may not deliberately misstate or misrepresent the nature of a discovery dispute in an effort to obtain relief or to drive up the costs of litigation. Defendants are invited to submit an affidavit of costs and fees incurred in opposing Plaintiff's motion to compel, to which Plaintiff will be permitted to file a written response.

Based on the foregoing and good cause appearing therefore,

4

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel (#61) is **denied**.

**IT IS FURTHER ORDERED** that Defendants shall submit an affidavit of costs and fees incurred in opposing Plaintiff's Motion to Compel (#61) by **Friday, May 9, 2014**.  Plaintiff shall file his response to the affidavit by **Friday, May 23, 2014**.

DATED: April 24, 2014.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**