# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GREGORY D. BARREN, SR.,           )
                 Plaintiff,   )   Case No. 2:11-cv-00650-RLH-CWH
                             )
vs.                             )   **ORDER**
OFFICER T. ROBINSON, et al.,      )
                 Defendants.  )

This matter is before the Court on Defendants' Motion for Attorney Fees (#81), filed April 30, 2014; Plaintiff's Response (#88), filed May 22, 2014; and Defendants' Reply (#90), filed June 2, 2014.

## BACKGROUND

On April 24, 2014, the undersigned entered an order denying Plaintiff's motion to compel (#61). *See* Order (#79). In denying the motion, the Court held that Plaintiff's failure to comply with the meet and confer requirements prior to filing the motion was not substantially justified. It further held that Plaintiff had grossly misstated the nature of the Defendants' responses and appeared to be manufacturing dispute to drive up the costs of litigation. Consequently, Defendants were invited to submit an affidavit of fees pursuant to Rule 37(a)(5).

On April 30, 2014, Defendants filed their motion for attorney fees requesting $1,156.00 in connection with the underlying motion to compel. (#81). Plaintiff opposes the request, arguing that his motion was made in good faith and that he did not fully understand the requirement to meet and confer prior to filing a motion to compel. He further argues that he believed his motion justified and believed that he had satisfied the prerequisites to filing the motion in order to obtain discovery. He represents that he tried to the best of his ability to comply with the rules and asks that the Court consider the fact that he is not an attorney and is proceeding pro se in this matter. He

further notes that his monthly income does not come close to being able to afford the fees sought by Defendants. In reply, Defendants reiterate that Plaintiff's status as a pro se litigant does not absolve him of the responsibility to comply with the applicable rules.

## DISCUSSION

Pursuant to Rule 37(a)(5)(B), if a motion to compel discovery is denied, "the court . . . must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." Discovery conduct is "substantially justified" if it is a response to a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action. *See Garity v Donahoe*, 2014 WL 1168913 *3 (D. Nev.) (citations omitted).

In its order denying the motion to compel, the Court held that the failure to meet and confer was not substantially justified. Plaintiff argues that, even if he did not meet and confer properly, he made a good faith effort to do so but simply misunderstood the requirement that it not be done by letter. Even though Plaintiff is proceeding pro se, such status does not absolve him of the responsibility to comply with applicable rules. *Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007) ("The hazards which beset a layman when he seeks to represent himself are obvious. He who proceeds *pro se* with full knowledge and understanding of the risks does so with no greater rights than a litigant represented by a lawyer, and the trial court is under no obligation to become an "advocate" for or to assist and guide the *pro se* laymen through the trial thicket."). A *pro se* litigant is under the same obligation as any other litigant to comply with both the Local and Federal Rules. *See King v. Atiyeh*, 814 F.2d 565 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); *see also Carter v. C.I.R.*, 784 F.2d 1006, 1009 (9th Cir. 1986) (holding that although a party is pro se, he is "expected to abide by the rules of the court in which" he litigates). The failure to adequately meet and confer prior to filing a motion to compel is not substantially justified, whether one is proceeding pro se or not.

Nevertheless, the Court finds that an award of expenses would be unjust under the

1  circumstances.  Plaintiff's status as a pro se litigant proceeding *in forma pauperis* is not, standing
2  alone, sufficient to insulate him from an award of fees under Rule 37.  *Garity*, 2014 WL *5-6
3  (citations omitted).  The Court notes, however, that Plaintiff did make an effort to confer with
4  Defendant prior to filing the motion.  Even though that effort was subsequently held to be deficient,
5  it was made.  That effort, when combined with Plaintiff's status as a pro se litigant proceeding *in*
6  *forma pauperis*, would make an award under the circumstances unjust.  Though the Court declines
7  to make an award of fees this time, it will not hesitate to award fees in the future.

8  Based on the foregoing and good cause appearing therefore,

9  **IT IS HEREBY ORDERED** that Defendants' Motion for Attorney Fees (#81) is **denied**.

10  DATED: July 16, 2014.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**